# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

      v.                                                            Case No. 09-20349

VALENTINE BALOGUN,

      Defendant.

_____/

## ORDER STRIKING PRO SE MOTION

On June 9, 2010, Defendant Valentine Balogun filed a *pro se* motion for an order

producing Grand Jury materials. The court will strike the *pro se* motion because, at the

time of the filing, Defendant was represented by counsel. Thus, all filings must be made

by the attorney of record.[1]

Defendant is not entitled to represent himself while simultaneously represented

by counsel. A criminal defendant has the right to appear *pro se* or by counsel, a right

protected by both the Sixth Amendment to the United States Constitution and federal

statute. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead

---

[1]The court also notes that Defendant is currently proceeding in this case on appeal. Filing of a notice of appeal transfers jurisdiction over the merits of the appeal to the appellate court. *Workman v. Tate*, 958 F.2d 164, 167 (6th Cir.1992). Because Defendant has filed a notice of appeal, this court lacks jurisdiction to address this motion or re-open the case. *Id.* at 167-68; *see also Raum v. Norwood*, 93 F. App'x 693, 695 (6th Cir. 2004) (plaintiffs deprived district court of jurisdiction over their motion for reconsideration by filing notice of appeal before district court decided their motion to reconsider); *Dipofi v. Eichenlaub*, No. 08-10635, 2008 WL 4239121, *1 (E.D. Mich. Sept. 11, 2008) (petitioner deprived district court of jurisdiction over motion to amend judgment by filing notice of appeal before district court decided the motion).

and conduct their own cases personally or by counsel . . . ."); *see also Faretta v. California*, 422 U.S. 806, 807, 832 (1975); *United States v. Daniels,* 572 F.2d 535, 540 (5th Cir. 1978); *Ennis v. LeFevre*, 560 F.2d 1072, 1075 (2d Cir. 1977); *United States v. Williams,* 534 F.2d 119, 123 (8th Cir. 1976). This right, however, is disjunctive, thus a party may choose *either* to represent himself or to appear through an attorney. There is no right to "hybrid" representation that would result in simultaneous or alternating self-representation and representation by counsel. A person represented by counsel must rely upon that counsel. *See, e.g.*, *United States v. Olson,* 576 F.2d 1267, 1269-70 (8th Cir. 1978); *Daniels*, 572 F.2d at 540; *Ennis*, 560 F.2d at 1075; *Williams,* 534 F.2d at 123; *United States v. Hill*, 526 F.2d 1019, 1024-25 (10th Cir. 1975); *Move Org. v. City of Phila.,* 89 F.R.D. 521, 523 n.1 (E.D. Pa. 1981); *United States ex rel. Snyder v. Mack,* 372 F. Supp. 1077, 1078-79 (E.D. Pa. 1974); *cf. Storseth v. Spellman*, 654 F.2d 1349, 1352-53 (9th Cir. 1981) (once counsel is appointed, prisoner has no right to assistance from inmate writ-writer). In light of this case law, the court will only accept motions filed by Defendant's attorney of record. Accordingly,

IT IS ORDERED that Defendant's June 9, 2010, motion for an order to produce Grand Jury minutes and materials [Dkt. # 46] is hereby STRICKEN from the docket of this court.

S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: June 23, 2010

I I hereby certify that a copy of the foregoing document was mailed to counsel of record

on this date, June 23, 2010, by electronic and/or ordinary mail.

S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\09-20349.BALOGUN.ProSeStrike.wpd