**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                Criminal No.  09-20349
                                                                  Civil No.      13-11094
VALENTINE BALOGUN,

      Defendant.

_____/


**OPINION AND ORDER DENYING DEFENDANT'S
MOTION TO VACATE, SET ASIDE OR CORRECT A SENTENCE**

On March 11, 2013, Defendant Valentine Balogun filed a *pro se* motion to

vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.  Defendant,

currently incarcerated at the Federal Correctional Institution in Beaver, West Virginia,

challenges his conviction of possession with intent to distribute 100 grams or more of

heroin, 21 U.S.C. § 841(a), for which he received a 80-month sentence.  He raises five

grounds of error, many of which rely on a claim of ineffective assistance of counsel.  For

the reasons set forth below, the court will deny the motion.

**I.  BACKGROUND**

On July 14, 2009, law enforcement officials at London's Heathrow Airport

intercepted and searched a suspicious Federal Express (FedEx) package en route from

"Pastor Mwema Atabu" in Nairobi, Kenya, to "Pastor Mrs. Rita Smith" at 9939 Rutland,

Detroit, Michigan.  Inside the package, officials found beaded earrings, necklaces, and

gospel CDs.  Within the CD sleeves, officials found hundreds of grams of heroin.

Drug Enforcement Administration (DEA) agents organized a controlled delivery of the package. The DEA removed most of the heroin, leaving behind only a small representative sample. They installed an electronic device inside the package, set to emit a signal to law enforcement when the package was opened, and obtained an anticipatory search warrant allowing them to search 9939 Rutland after the package was opened.

On July 15, 2009, Agent Mike Brouillard disguised himself as a FedEx courier and arrived at 9939 Rutland with the package. As Agent Brouillard approached the house, Defendant opened the door. Agent Brouillard explained that he had a package for "Mrs. Rita Smith," and asked Defendant if he would accept the package. Defendant said that he would, signed for the package, and took possession of it. Defendant went into the house, and the electronic device inside the package signaled that the package had been opened. A team of officers "move[d] in" to arrest Defendant. As the team drove into the driveway and onto the lawn, Defendant exited the house carrying the package. Upon seeing the officers, Defendant ran across the porch, threw the package onto the ground, and said: "That's not mine. I don't know what's in there." The officers arrested Defendant and executed the search warrant.

Less than two weeks later, a federal grand jury indicted Defendant, charging him with conspiracy to possess with the intent to distribute heroin, 21 U.S.C. § 846, and possession with the intent to distribute heroin, 21 U.S.C. § 841(a). Defendant's case proceeded to trial.

The jury found Defendant guilty of possession with the intent to distribute 100 grams or more of heroin. The jury, however, could not reach a unanimous decision on

2

the conspiracy charge, and the court granted the government's motion to dismiss that count.

Prior to sentencing, a probation officer prepared a Presentence Report, which recommended a total offense level of 26 and a criminal history of category I, resulting in a recommended guidelines range of 63 to 78 months' imprisonment.  At the sentencing hearing, however, the court found that Defendant had committed perjury during his trial testimony.  Therefore, pursuant to U.S.S.G. § 3C1.1, this court assessed a two-level sentencing enhancement, increasing Defendant's offense level to 28 and establishing a new guidelines range of 78 to 97 months' imprisonment.  The court sentenced Defendant to 80 months' imprisonment and four years of supervised release.

Defendant appealed his conviction and his sentence, challenging (1) the voir dire, (2) the admission of certain impeachment evidence, (3) the government's closing argument; (4) the court's jury instruction on reasonable doubt, (5) the sufficiency of the evidence supporting his conviction, and (6) the application of the two-level sentencing enhancement.  The Sixth Circuit denied Defendant's appeal on February 3, 2012, concluding that all of Defendant's claims lacked merit.  The Supreme Court denied his petition for writ of certiorari on March 26, 2012.

## II. STANDARD

Under 28 U.S.C. § 2255, a prisoner sentenced by a federal court "may move the court which imposed the sentence to vacate, set aside or correct the sentence" on the ground "that the sentence was imposed in violation of the Constitution or laws of the United States, . . . or that the sentence was in excess of the maximum authorized by

law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). As "[§] 2255 is

not a substitute for a direct appeal," *Regalado v. United States*, 334 F.3d 520, 528 (6th

Cir. 2003) (citing *United States v. Frady*, 456 U.S. 152, 167–68 (1982)), "a prisoner

must clear a significantly higher hurdle than would exist on direct appeal" to merit

collateral relief. *Frady*, 456 U.S. at 166. "In order to prevail upon a § 2255 motion, the

movant must allege . . . (1) an error of constitutional magnitude, (2) a sentence imposed

outside of the statutory limits; or (3) an error of fact or law that was so fundamental as to

render the entire proceeding invalid." *Mallett v. United States*, 334 F.3d 491, 496–97

(6th Cir. 2003). "To prevail on a § 2255 motion alleging constitutional error, the

petitioner must establish an error of constitutional magnitude which had a substantial

and injurious effect or influence on the proceedings." *Watson v. United States*, 165

F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637–638

(1993)). Though non-constitutional errors are generally outside the scope of § 2255

relief, *see United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000), a defendant can

prevail on a § 2255 motion alleging non-constitutional error "by establish[ing] a

'fundamental defect which inherently results in a complete miscarriage of justice, or, an

error so egregious that it amounts to a violation of due process,'" *Watson*, 165 F.3d at

488 (internal quotation marks omitted) (quoting *United States v. Ferguson*, 918 F.2d

627, 630 (6th Cir. 1990)).

      A claim for ineffective assistance of counsel can be raised for the first time in a

§ 2255 motion. In order to succeed on his ineffective-assistance-of-counsel claim,

Defendant must satisfy the two-prong test set forth in *Strickland v. Washington*, 466

U.S. 668 (1984). Defendant must first show that his counsel's performance was

4

deficient, which "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687. The court evaluates an attorney's performance by reference to "reasonableness under prevailing professional norms." *Id.* at 688. "[T]he defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (quotation marks and citation omitted). If Defendant succeeds in providing deficient performance, he must next show that the deficient performance was prejudicial. A defendant may establish prejudice by showing "that counsel's errors were so serious as to deprive the defendant of a fair trial." *Id.* at 687. Defendant must show more than "some conceivable effect on the outcome fo the proceeding;" he must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 693–94.

## III. DISCUSSION

Defendant asserts five grounds to support his motion:

1) Counsel provided ineffective assistance by failing to object to the amount of heroin actually in the package at the time of delivery as being adequate to convict Defendant of possession with intent to distribute over 100 grams of heroin.

2) Counsel provided ineffective assistance by failing to object or present evidence concerning the opening of the package on July 15, 2009.

3) Counsel provided ineffective assistance by failing to object to the government's claim that a reliable device was installed in the FedEx package containing heroin that alerted agents when Defendant opened the package.

4) Counsel provided ineffective assistance by failing to challenge the propriety of the search warrant when Defendant claimed he never opened the package.

5

5) The court violated Defendant's Fifth Amendment Right to a Grand Jury indictment when it enhanced his sentence for perjury and obstruction of justice.

This court will consider grounds two, three, and four together, given that those claims are based on the Defendant's contention that he did not open the package delivered to 9939 Rutland on July 15, 2009. For the reasons set forth below, Defendant has not met the burden necessary to succeed on any of his ineffective-assistance-of-counsel claims. Further, Defendant's claim in ground five lacks legal merit.

### A. Ground 1—Failure to Object to Amount of Heroin in Package at Time of Delivery

Defendant argues that the controlled package delivered to him contained only .054 grams of heroin. Thus, Defendant claims that his counsel fell below the objective standard of reasonableness when he failed to object to the government's charge of possession with intent to distribute over 100 grams of heroin. The government responds that the total amount of the controlled substance "originally sent is the amount considered for sentencing under the United States Sentencing Guidelines." *United States v. Rey*, 923 F.2d 1217, 1223 (6th Cir. 1991). Indeed, the "nature and seriousness of [a defendant's] conduct is the same no matter how much of the [controlled substance] the DEA took out." *Id.* (quoting *United States v. White*, 888 F.2d 490, 498 (7th Cir. 1989)). In Defendant's case, DEA Officer Fountain testified that when executing a controlled delivery, it is common practice for law enforcement to deliver a package containing an amount of narcotics less than the package had originally contained in order to minimize the risk of distribution if the controlled delivery fails to go as planned. (Dkt. # 38, 440–41.) *Rey* confirms the validity of this practice, indicating

6

that the fact that law enforcement takes steps to minimize the potential risk of losing narcotics during a controlled delivery does not reduce the amount that the defendant possessed. *Id.* at 1223.

In other words, *Rey* clearly indicates that Defendant's amount argument would have been meritless, and the jury had ample evidence before it concerning the amount of heroin originally in the package. *Rey*, 923 F.2d at 1223. As such, there is not a "reasonable probability" that a challenge to the amount of heroin in the package would have led the jury to a different outcome. *See Strickland*, 466 U.S. at 694. Because no sound legal basis existed under which Defendant's counsel could have objected to the amount of heroin present in the package, Defendant's ineffective assistance of counsel claim under ground one fails.

### B. Grounds 2, 3, and 4—Failure to Object to Evidence Concerning Defendant's Act of Opening the Package

Defendant bases his argument in grounds two, three, and four on his contention that he did not open the package. Specifically, Defendant insists that his counsel ineffectively failed to object to the government's claim that he opened the package, failed to challenge whether the government's package monitoring device functioned properly, and failed to object to the validity of the anticipatory search. Defendant veils these arguments in an ineffective assistance of counsel claim, but essentially reiterates arguments extensively litigated during his trial.

Defendant testified that he never opened the package, and provided numerous explanations for his conduct. (Dkt. # 40, Pg. ID 475–80; Dkt. # 44, Pg. ID 800–07.) Two DEA officers refuted his testimony, and asserted that they heard the beeper alarm

7

signal that the package had been opened. (Dkt. # 38, Pg. ID 333–34, 355–56.)

Additionally, the government presented photographs of the open package to the jury.

(*See* Dkt. # 67, Pg. ID 932–34.) During his closing argument, Defendant's counsel

further challenged whether the government met its burden of proof concerning

Defendant's opening of the package and the proper operation of the monitor beeper.

(Dkt. # 40, Pg. ID 585–87.) In other words, all of Defendant's arguments were squarely

before the jury for consideration. It appears the jury simply rejected them, convicting

Defendant of possession with intent to distribute heroin despite its awareness of

Defendant's assertion that he did not open the package and his counsel's closing

argument challenge to whether the government met its burden of proof.

Therefore, Defendant fails to show that his counsel acted in a deficient manner

as required under the first prong of *Strickland*. Rather, Defendant's counsel acted

"reasonably under prevailing professional norms" when he challenged whether the

government met its burden of proof concerning the opening of the package and proper

function of the beeper. *Strickland,* 466 U.S. at 688. He presented Defendant's

arguments to the jury; the jury rejected the arguments and found in favor of the

government. Defendant's claims under grounds 2, 3, and 4 are therefore denied.

### C. Ground Five—Violation of Defendant's Fifth Amendment Right to a Grand Jury Indictment

Defendant takes issue with the court's sentence enhancement of 17 months for

obstruction of justice. Defendant contends that obstruction of justice is a separate crime

from his conviction of possession with intent to distribute. He argues that obstruction of

justice is punishable by imprisonment and is an infamous crime within the meaning of

8

the Fifth Amendment's provision that "[n]o person shall be held to answer for a capital or otherwise infamous crime unless on a presentment or indictment of a Grand Jury."  U.S. Const. amend. V.  Therefore, he concludes that the court violated his Fifth Amendment right to a grand jury because he had no notice of the fact that he would be "held to answer for the offense of obstructing justice," because a grand jury did not indict him on that charge.

Defendant argues that under *Alleyne v. United States*, 133 S. Ct. 2151 (2013), "an indictment must contain an allegation of every fact which is legally essential to the punishment to be inflicted."  However, *Alleyne*, which held that any fact that increases a mandatory minimum sentence is an "element" of a crime that must be found by a jury, offers Defendant no relief for several reasons.  *Id.* at 2155.

First, *Alleyne* "does not apply retroactively to cases on collateral review."  *In re Mazzio*, 756 F.3d 487, 491 (6th Cir. 2014).  Defendant's conviction became final on March 26, 2012, when his petition for a writ of certiorari was denied.  *See Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987).  Because *Alleyne* was not decided until over a year later, Defendant does not qualify for relief.  Second, even if *Alleyne* were procedurally applicable to the instant case, the jury specifically found that Defendant had possessed 100 grams or more of heroin, which was an amount sufficient to trigger the relevant mandatory minimum sentence of 60 months' imprisonment.  (Dkt. # 26, Pg. ID 94.)  Therefore, *Alleyne*'s requirement that a jury specifically find any fact that increases a mandatory minimum sentence was satisfied.  Lastly, *Alleyne* does not change how the court determines sentencing guidelines.  Defendant mistakenly claims that the court "charged" him with obstruction of justice.  Instead, the court made a

9

factual finding at sentencing that Defendant had perjured himself at trial in an attempt to mislead and confuse the jury. (*See* Dkt. # 51, Pg. ID 836–51.) Accordingly, the court determined that Defendant qualified for a sentencing enhancement for obstruction of justice under U.S.S.G. § 3C1.1, which increased his guidelines range to 78–97 months' imprisonment. *Alleyne* clearly does not apply, and Defendant's remaining argument is meritless.

## IV.  CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253.

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a Defendant demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, the court concludes that reasonable jurists would not debate the court's assessment of Defendant's claims. Therefore, the court denies a certificate of appealability.

## V. CONCLUSION

IT IS ORDERED that the "Motion to Vacate Sentence under 28 U.S.C. § 2255" (Dkt. # 58) is DENIED.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED as to all

of Defendant's claims.

                s/Robert H. Cleland

                ROBERT H. CLELAND

                UNITED STATES DISTRICT JUDGE

Dated:  August 31, 2014


I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, August 31, 2014, by electronic and/or ordinary mail.

                s/Lisa Wagner

                Case Manager and Deputy Clerk

                (313) 234-5522